David S. Stone
Jason C. Spiro
Carolyn B. Rendell
Stone & Magnanini LLP
150 John F Kennedy Parkway, 4th Floor
Short Hills, NJ 07078
Tel: (973) 218-1111
Fax: (973) 218-1106
*Attorneys for Plaintiff Telebrands Corp.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., | |
| Plaintiff, | **Civil Action No. CV11-3512** |
| v. | |
| ABC IMPORT INT'L., INC., | **CONSENT ORDER** |
| Defendant, | |

WHEREAS Plaintiff Telebrands Corp. ("Telebrands") was granted a temporary restraining order, order to show cause for a preliminary injunction, order for expedited discovery and order restraining the transfer of assets in the above-captioned matter by Order dated July 27, 2011; and

WHEREAS Defendant ABC Import Int'l. Inc. ("ABC Import") has agreed not to oppose the granting of a preliminary injunction and other relief provided by the Court pursuant to the July 27, 2011 Order, but rather to stipulate to an injunction without admission of liability;

IT IS HEREBY STIPUATED AND AGREED, by and between the undersigned counsel for the parties to this action, as follows:

ABC Import and any of its officers, agents, servants, employees and any person in active

concert or participation with them are hereby enjoined from:

1. Importing, distributing, selling, advertising, promoting or offering for sale any counterfeit EZ COMBS, JUPITER JACK or PED EGG products, including Defendant's "Magic Hair Set" product) ("the Counterfeit Products");

2. Importing, distributing, selling, advertising, promoting or offering for sale any product under or in connection with U.S. Trademark Registration No. 3630774 for the trademark EZ COMBS (the "EZ COMBS Trademark"), Federal Trademark Registration No. 3804523 for the trademark JUPITER JACK (the "JUPITER JACK Trademark"), and Federal Trademark Registrations Nos. 3522124, 3450241 and 3633750, for the PED EGG trademarks (the "PED EGG Trademarks"), or any other confusingly similar marks, unless the product emanates from or is authorized by Telebrands;

3. Importing, distributing, selling, advertising, promoting or offering for sale any products that incorporate, copy or colorably imitate the EZ COMBS Trade Dress, (Compl. ¶ 15, Ex. 2), the JUPITER JACK Trade Dress (Compl. ¶ 15, Compl. Ex. 5), or the PED EGG Trade Dresses (Iyer Supp. Cert. ¶ 5, Ex. C), unless the product emanates from, or is authorized by, Telebrands;

4. Importing, distributing, selling, advertising, promoting or offering for sale counterfeits of any Telebrands products, including but not limited to the BARE LIFTS, BARK OFF, BOTTLE TOP, CRAZY CRITTERS, HEEL TASTIC, PASTA BOAT, PEDI PAWS, PERFECT FIT BUTTON, SHOES UNDER, WINDSHIELD WONDER, ORGREENIC, PET RIDER, ALUMA WALLET, COMFY CONTROL HARNESS, ROBO STIR, ONE SECOND NEEDLE, SUPREME 90, EZ COMBS,

JUPITER JACK and PED EGG products. (Iyer Supp. Cert. ¶ 3).

5. Importing, distributing, selling, advertising, promoting or offering for sale any product bearing trademarks for any of Telebrands' products (a) listed in Paragraph 4 above, (b) displayed on Telebrands' website (www.telebrands.com), or (c) which Telebrands may periodically identify to Defendant or its counsel (collectively the "Telebrands Products"), or any confusingly similar marks, unless the product emanates from, or is authorized by, Telebrands;

6. Importing, distributing, selling, advertising, promoting or offering for sale any products that incorporate, copy or colorably imitate the product packaging of the Telebrands Products unless the product emanates from or is authorized by Telebrands;

7. Otherwise knowingly infringing on any of Telebrands' intellectual property rights, or otherwise competing unfairly with Telebrands;

8. Making any false or misleading statements regarding Telebrands or the Telebrands Products, or the relationship between Telebrands and Defendant;

9. Committing any other acts designed to cause consumers to believe that Defendant's products are Telebrands Products;

10. Moving, destroying or otherwise disposing of any products, packaging, labels, boxes, documents or other items bearing or relating to the counterfeit reproduction, copy or colorable imitation of the product marks or packaging of the Telebrands Products.

11. Removing, destroying or otherwise disposing of computer files or disks, business records, invoices, emails or any other documents relating to the manufacture, acquisition, purchase, distribution or sale of goods bearing the Telebrands

Trademarks or Trade Dresses or any counterfeit, reproduction, copy or colorable imitation thereof.

Further, ABC Import and any of its officers, agents, servants, employees and any person in active concert or participation with them will, on an expedited basis

12. Deliver to counsel for Telebrands any merchandise in their possession or control bearing any alleged counterfeits of Telebrands Trademarks or Telebrands Trade Dresses.

13. Cancel any existing orders for any merchandise bearing any alleged counterfeits of Telebrands Trademarks or Telebrands Trade Dresses.

14. Provide counsel with all documentation and information in its possession, custody or control, including all invoices, receipts and other records, relating to the manufacture, purchase, importation, distribution, offer for sale and sale of ABC Import's "As Seen On TV Products," including, but not limited to all records relating to the alleged Counterfeit Products.

15. Provide counsel with the name of the source(s) of the alleged Counterfeit Products, and all customer information related to the sale of the alleged Counterfeit Products.

16. Provide counsel with an accounting of all ABC Import purchases and sales of products bearing alleged counterfeits of Telebrands Trademarks or Telebrands Trade Dresses.

17. Refrain from directly or indirectly transferring, liquidating, encumbering, pledging, assigning, or otherwise disposing of, secreting, or dissipating any assets owned, controlled by, in the actual or constructive possession of, or otherwise held for the benefit of Defendant, with the exception of funds necessary to meet payment

obligations related to legitimate and reasonable operating expenses incurred in the ordinary course of business, as those payments become due, specifically (a) facilities rental and utilities (b) payroll obligations, such payments specifically not to include intercompany payments or payments to related entities, and (c) legal fees, such payments to be subject to the provision to counsel for Telebrands of a table or other listing of expenses documenting those payments.

**STONE & MAGNANINI LLP**

By: /s/
David S. Stone, Esq.
150 JFK Parkway
Short Hills, NJ 07078
973-218-1111

Attorneys for Plaintiff
Telebrands, Corp.

**COWAN LIEBOWITZ & LATMAN PC**

By: /s/
Arlana S. Cohen, Esq.
1133 Avenue of the Americas
New York, NY 10036
212-790-9237

Attorneys for Defendant
ABC Import Int'l, Inc.

SO ORDERED

S/Carol Bagley Amon
Hon. Carol Bagley Amon
Chief U.S. District Judge

Dated: August 18, 2011